[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND FINAL JUDGMENT ENTRY
On February 7, 1997, Shane Brooks entered a plea of guilty in the court of common pleas to one count of forgery in violation of R.C. 2913.31, a felony of the fifth degree. The court subsequently placed Brooks on community control for a period of three years.
On May 1, 1997, a community control violation hearing was held. The court found, following that hearing, that Brooks had violated the terms of his community control by failing to pay restitution as previously agreed. The court continued Brooks on community control, however.
On May 8, 1998, another community control violation hearing was held. Following that hearing, the court found that Brooks had violated the terms of his community control because Brooks had recently been convicted in Union County, Ohio, of a new offense, failure to obey a signal or order of a police officer. The Union County court imposed a sentence of eighteen months imprisonment upon Brooks for his conviction on that fourth degree felony offense. Finding that this new offense had been committed while Brooks was under community control sanctions, the trial court revoked Brooks' community control and imposed a sentence of nine months imprisonment on the forgery charge, to be served consecutive to the Union County sentence.
Brooks timely filed a notice of appeal to this court. His appellate counsel filed a brief pursuant to Anders v. California
(1967), 386 U.S. 738, certifying that a review of the record had failed to reveal any meritorious issue for appellate review. This court notified Brooks of his counsel's representations, and allowed him sufficient time to object or otherwise respond pro se. No response has been received from Brooks.
In her Anders brief, Brooks' appellate counsel makes reference to one potential issue which might arguably support an appeal: that the trial court abused its discretion in revoking community control and imposing a sentence which runs consecutive to the Union County, Ohio, sentence. We conclude that this issue lacks merit.
The record in this case clearly demonstrates that Brooks repeatedly violated the terms of his community control. After serving but one month of his three year community control period, Brooks violated the terms of his community control by failing to pay restitution. The trial court nevertheless elected to give Brooks another chance, and continued him on community control rather than sending him to prison. One year later, Brooks again violated the terms of his community control by committing a new offense in Union County, Ohio, while under community control sanctions in Champaign County.
Under these circumstances, the trial court acted well within its authority when it revoked Brooks' community control and imposed a sentence of nine months imprisonment on the forgery conviction, consecutive to the Union County sentence. R.C.2929.14, R.C. 2929.15. In taking that action, the court properly considered the statutory sentencing criteria in R.C. 2929.12 and R.C. 2929.13, and concluded that Brooks was likely to commit further crimes because Brooks had committed this new offense in Union County while under community control sanctions and had not responded favorably to sanctions previously imposed. R.C.2929.12(D), R.C. 2929.13(B)(1)(h). The court also concluded that a consecutive sentence was necessary to protect the public, was not disproportionate to Brooks' conduct and to the danger Brooks poses to the public, and the new offense in Union County was committed while Brooks was under community control sanctions. R.C. 2929.14.
An abuse of discretion is more than an error of law or an error in judgment on the part of the trial court. It is an arbitrary, unreasonable, unconscionable action. State v. Adams
(1980), 62 Ohio St.2d 151. This record reveals nothing approaching an abuse of discretion by the trial court in this case.
In addition to reviewing the issue referenced by Brooks' appellate counsel, we have also conducted an independent review of the record in this case. We find no prejudicial error in the proceedings of the trial court which deprived Brooks of a fair trial or infringed upon his constitutional rights.
The judgment of the trial court is affirmed.
SO ORDERED.
 ___________________________________ THOMAS J. GRADY, PRESIDING JUDGE
 ___________________________________ JAMES A. BROGAN, JUDGE
 ___________________________________ FREDERICK N, YOUNG, JUDGE
Copies mailed to:
Nick A. Selvaggio, Prosecuting Attorney, Cathy J. Weithman, Esq., Hon. Roger B. Wilson